J-S49013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RASHEED JOHNSON, | |
| Appellee | No. 2800 EDA 2013 |

Appeal from the Order of September 5, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0005637-2012

BEFORE:  OLSON, OTT and STABILE, JJ.

MEMORANDUM BY OLSON, J.:                **FILED SEPTEMBER 17, 2014**

The Commonwealth of Pennsylvania appeals from an order granting suppression in favor of Appellee, Rasheed Johnson, which was entered on September 5, 2013.[1]  We reverse and remand.

The factual background of this case is as follows:

> On [February 25,] 2012 the Pennsylvania [Society for the Prevention of Cruelty to Animals ("PSPCA")] received a[n anonymous] complaint regarding t[wo] dogs in the rear of [Appellee's residence.[2]]  The complainant stated that there [were] two dogs in the rear yard with heavy chains, no food or water[,] and the yard is full of feces and urine.

---

[1]  Pursuant to Pennsylvania Rule of Appellate Procedure 311(d), the Commonwealth certified in its notice of appeal "that the order will terminate or substantially handicap the prosecution."  Pa.R.A.P. 311(d).

[2]  The record is unclear as to Appellee's relationship with the owner of the residence; however, there is no dispute that Appellee had a privacy interest in the residence.

> On [February 25,] 2012, at approximately 9:15[ a.m. PSPCA Officer Darlene Sosa] conducted an investigation into the complaint at [Appellee's residence]. In the rear yard of the property, [Officer Sosa] observed one medium sized pitbull mix breed dog tethered on a heavy chain in [the] corner of the yard. The collar on the dog appeared [to be] tight[] around the neck. The area where the dog was chained was covered with feces and urine. The dog did not have access to food or water, or to clean sanitary condition[s]. [Officer Sosa] observed another heavy chain going into another dog house but [Officer Sosa] couldn't see the dog at that time. That area was also covered in feces. [Officer Sosa] took [a] photo of the yard [that showed] trash, debri[s,] and feces.
>
> [On February 25,] 2012 [Officer Sosa checked] the PSPCA cruelty database [which revealed that] the owner of this property[,] Terrance Hayward[ ("Hayward"), had previously been] found guilty [of dog fighting in] February 2009. [As part of his sentence, he was prohibited from] owning animals for five years.

Affidavit of Probable Cause, 2/25/12, at 2.

Based upon the above affidavit of probable cause, Officer Sosa sought a search warrant for Appellee's residence. A magistrate granted Officer Sosa's application for a search warrant and Appellee's residence was searched. Evidence of dog fighting and drug dealing was found in the residence.

The procedural history of this case is as follows. Appellee was charged via criminal complaint with possession with intent to deliver a controlled substance,[3] possession of a controlled substance,[4] possessing an animal for

---

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(16).

fighting,[5] aiding animal fighting,[6] knowingly permitting animal fighting,[7] and possession of drug paraphernalia.[8]  On May 16, 2012, a criminal information charging those same offenses was filed.

On June 29, 2012, Appellee filed an omnibus pre-trial motion, which included a motion to suppress the evidence seized from his residence.  A suppression hearing was held on August 12, 2013, at the conclusion of which the suppression court granted Appellee's motion to suppress.  On August 21, 2013, the Commonwealth moved to reconsider the order suppressing the evidence.  That same day, the suppression court vacated its suppression order.  On September 5, 2013, the suppression court heard argument on the Commonwealth's motion for reconsideration.  Following argument, the suppression court denied the Commonwealth's motion for reconsideration and re-instated the original suppression order.  This timely appeal followed.[9]

The Commonwealth raises one issue for our review:

> Did the [suppression] court err by suppressing narcotics and
> evidence of dog fighting seized pursuant to a search warrant as

---

[5] 18 Pa.C.S.A. § 5511(h.1)(3).

[6] 18 Pa.C.S.A. § 5511(h.1)(14).

[7] 18 Pa.C.S.A. § 5511(h.1)(17).

[8] 35 P.S. § 780-113(a)(32).

[9] On October 4, 2013, the Commonwealth filed a concise statement of errors complained of on appeal ("concise statement").  **See** Pa.R.A.P. 1925(b).  On December 9, 2013, the suppression court issued its Rule 1925(a) opinion. The Commonwealth's lone issue on appeal was included in its concise statement.

there was a substantial basis for finding probable cause under the totality of the circumstances?

Commonwealth's Brief at 3.

"In addressing a challenge to a [suppression] court's [suppression ruling] we are limited to determining whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." *Commonwealth v. Brown*, 64 A.3d 1101, 1104 (Pa. Super. 2013), *appeal denied*, 79 A.3d 1096 (Pa. 2013) (internal alterations and citation omitted). "[O]ur scope of review is limited to the factual findings and legal conclusions of the suppression court." *In re L.J.*, 79 A.3d 1073, 1080 (Pa. 2013) (citation omitted).

In this case, Appellee moved to suppress the evidence seized from his residence because, according to Appellee, the magistrate lacked probable cause to issue the search warrant. Pennsylvania Rule of Criminal Procedure 203 provides, in relevant part, that:

> (B) No search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority. . . . The issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits.
>
> * * *
>
> (D) At any hearing on a motion for the [] suppression of evidence, or for suppression of the fruits of evidence, obtained pursuant to a search warrant, no evidence shall be admissible to establish probable cause other than the affidavits provided for in paragraph (B).

Pa.R.Crim.P. 203.

We have explained the probable cause requirement for issuance of a search warrant as follows:

> [T]he question of whether probable cause exists for the issuance of a search warrant must be answered according to the totality of the circumstances test articulated in **Commonwealth v. Gray**, 503 A.2d 921 (Pa. 1985), and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in **Illinois v. Gates**, 462 U.S. 213 (1983). . . . The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.
>
> Further, probable cause is based on a finding of the probability, not a prima facie showing, of criminal activity, and deference is to be accorded a magistrate's finding of probable cause. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

**Commonwealth v. Arthur**, 62 A.3d 424, 432 (Pa. Super. 2013), *appeal denied*, 78 A.3d 1089 (Pa. 2013).

In this case, the four corners of Officer Sosa's affidavit presented substantial evidence upon which the issuing magistrate could have reasonably determined that probable cause existed to search Appellee's residence. Officer Sosa, who had three years of experience investigating cruelty to animal cases, observed one (with evidence of a second) dog in unsanitary conditions. Specifically, Officer Sosa stated that the area was covered in feces, urine, trash, and debris. Officer Sosa further stated that

there was no food or water visible, that the one dog she saw was tethered with a tight chain around its neck, that the dog was a pitbull mix, and the owner of the residence had previously been convicted of dog fighting and was prohibited from owning animals.

The suppression court erred by considering each of these factors independently instead of examining the totality of the circumstances. An affidavit based solely upon one of these facts might be insufficient for the magistrate to find probable cause. However, when considered together, the facts show a fair probability of ongoing criminal activity. For example, the suppression court stated as to the feces, urine, trash, and debris in the yard, such evidence "does not signify abuse without more." Suppression Court Opinion, 12/9/13, at 4. However, there was more evidence. The suppression court did not consider the unsanitary conditions of the yard in combination with the fact that there was no food or water, the dogs were chained with heavy chains, the collar on the one dog appeared to be tight, the dog was covered with feces and urine, and the one dog was a pitbull mix (a breed frequently used in animal fighting). Most glaring was the fact that Hayward, the owner of the residence, had previously been convicted of animal fighting and was, at that time, prohibited from owning animals. The fact that a pitbull mix was present at Hayward's residence, along with the other evidence summarized above, strongly supports a fair probability that

criminal activity was occurring inside the residence. Thus, Officer Sosa's affidavit was sufficient to establish probable cause.

The suppression court further erred by focusing on possible innocent explanations for the information included in the affidavit of probable cause. *See United States v. Booker*, 612 F.3d 596, 601 (7th Cir. 2010) ("The possibility of an innocent explanation does not vitiate properly established probable cause."); *see also Commonwealth v. Thompson*, 985 A.2d 928, 941 (Pa. 2009) (Castille, C.J. concurring) (citation omitted) ("an officer is not required to eliminate all innocent explanations for a suspicious set of facts to have probable cause"). For example, the suppression court focused on the fact that the dog may have been given water and food inside the house and thus did not require additional food and water outside the residence. *See* Suppression Court Opinion, 12/9/13, at 4; N.T., 8/12/13, at 15. Although this is one possible innocent explanation, an equally plausible explanation is that the dog lacked proper food and water. The suppression court further surmised that the owner of the residence may have been planning on cleaning the yard that day. N.T., 8/12/13, at 15. Again, although this is one possible innocent explanation, an equally plausible explanation is that the yard was never cleaned and the dogs were required to live in filth. When all of the factors are considered together, it is evident that probable cause existed to believe that proof of a crime would be found in Appellee's residence.

The suppression court also erred by faulting Officer Sosa for not conducting a more thorough investigation. *Cf.* Suppression Court Opinion, 12/9/13, at 4 (Officer Sosa "took little time to determine all the facts."). Officer Sosa could not enter Appellee's backyard and search the doghouse nor could she search Appellee's residence without a search warrant. Thus, any additional investigative techniques she could have employed would have been time consuming and difficult, if not impossible, without a search warrant. Although Officer Sosa could have taken such steps, they were not necessary in order to obtain probable cause to search the residence.

Finally, the suppression court erred by considering the manner in which the search warrant was executed when making its four corners analysis. *See* N.T., 9/5/13, at 7 ("That breach of privacy against what is a very sparse warrant is really the reason that [the suppression court] decided on the [four] corners that they should have done a lot more before they stole privacy rights from the [Appellee].").

Appellee's argument that "the absence of any suggestion in the affidavit of probable cause or in the testimony of [Officer Sosa] at the suppression hearing that she . . . found a need to [care for the dogs]" is without merit. Appellee's Brief at 5. First, any testimony at the suppression hearing could not properly be considered by the suppression court in determining whether the affidavit of probable cause was sufficient for the magistrate to find probable cause to issue the search warrant. Instead, the

suppression court was limited to considering the four corners of the affidavit of probable cause. Second, Officer Sosa lacked authority to proceed onto Appellee's land to care for the dogs without a search warrant. Instead, Officer Sosa immediately sought approval from a magistrate for a search warrant and was able to execute the search warrant that same day.

In sum, the suppression court erred by conducting a *de novo* review of the magistrate's finding of probable cause and by dissecting each piece of evidence offered to support that determination. Instead, the suppression court should have reviewed the totality of the circumstances established by Officer Sosa's affidavit to determine whether they provided a substantial basis for the magistrate to determine that they demonstrated a fair probability that contraband or criminal activity would be discovered in Appellee's residence. Under the totality of the circumstances, it is clear that the search warrant was valid. Accordingly, we reverse the suppression court's order granting Appellee's motion to suppress and remand for further proceedings consistent with this memorandum.[10]

Order reversed. Case remanded. Jurisdiction relinquished.

---

[10] Appellee's motion to suppress argued not only that the search warrant was defective but that the execution of the search warrant was constitutionally defective. As the suppression court did not conduct a full suppression hearing and rule on Appellee's contention that the execution of the search warrant was defective, we decline to decide in the first instance whether the suppression motion should have been granted on those grounds.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>9/17/2014</u>